COLEMAN E. FLUET, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fluet v. Commissioner
Docket Nos. 10710-85, 10711-85.
United States Tax Court
T.C. Memo 1986-555; 1986 Tax Ct. Memo LEXIS 50; 52 T.C.M. (CCH) 1046; T.C.M. (RIA) 86555; November 20, 1986. Danny Olliff, for the petitioner. Bonnie L. Cameron, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1) [1]
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654(a)
1981
$7,962
$1,990.50 $398.10  *
$610.10 1982
10,065
2,210.75
503.25 **
831.20
After concessions, the issues that we must decide are: 1. Whether petitioner is entitled to deduct expenses pursuant to section 162(a)(2) *52 for travel away from home for taxable years 1981 and 1982. 2. Whether petitioner is liable for additions to tax under section 6651(a)(1) for failing to file timely returns for taxable years 1981 and 1982. 3. Whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for taxable years 1981 and 1982. 4. Whether petitioner is liable for additions to tax under section 6654 for failure to pay estimated income taxes for taxable years 1981 and 1982. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Cobbtown, Georgia, when he filed his petitions herein. He filed his individual return for 1981 in January 1985. He had not yet filed a return for 1982 as of the May 12, 1986 trial of this case. Petitioner was born on December 2, 1957 near Cobbtown, Georgia. He lived with his parents in Cobbtown until he was married. When he was divorced on September 5, 1980 he moved his belongings, which consisted of a bed, a chair, a stereo, and his clothes, back to his parents' home in Cobbtown. Petitioner's work *53 as a union insulator required him to travel frequently. He had left Cobbtown and accepted employment in Houston, Texas by December 1980. He worked all of 1981 in Texas, California, and Oklahoma. He worked in Houston for Sabine Industries, Inc. until he relocated to San Francisco, California on January 10, 1981. He worked in the San Francisco area from January 10, 1981 to September 30, 1981 for Plant Insulation Company. He stayed in California and drew unemployment compensation after he left the employ of Plant Insulation Company. He moved to Oklahoma City, Oklahoma on or about December 17, 1981. He was employed there for Standard Insulations, Inc. from December 17, 1981 through December 31, 1981. On December 31, 1981 petitioner returned to Georgia and was employed that through May 16, 1982. While he was in Georgia he lived at his parents' home and commuted to his various job sites. He worked for Industrial Associated, Inc. from January 11, 1982 until April 2, 1982, and worked for Shook & Fletcher Insulation Co. from April 4, 1982 to May 2, 1982. From May 2, 1982 through May 16, 1982 he worked for North Brother S Company. On May 16, 1982 he moved west, first to Reno, Nevada, *54 where he began work for B & C Insulation, Inc. On May 23, 1982 he moved to San Francisco, California. He was employed in the San Francisco area for the balance of 1982. From May 24, 1982 to September 14, 1982 he worked for Plant Insulation Company, Inc. On September 14, 1982 he began work for Western MacArthur Company and he worked there until October 14, 1982. He was employed from October 14, 1982 through March 18, 1983 by Douglass Insulation Co., Inc. During 1981 and 1982 petitioner was registered to vote at his parents' home, maintained Georgia tags on his vehicle, maintained a Georgia drivers license, maintained a checking account at a bank near his parents' home, and used his parents' home as his mailing address. Petitioner did not, however, have a house or apartment in Cobbtown in 1981 and 1982. He made no contributions to the upkeep of his parents' home in 1981, but did purchase some groceries and minor supplies for them while he was temporarily staying at their home in 1982. Petitioner has no records establish how much he spent on travel, meals, and lodging in 1981 and 1982. He had no Federal taxes withheld from his 1981 wages and had only $1,222 of Federal taxes *55 withheld from his 1982 wages. Respondent determined that petitioner received wages and unemployment compensation in 1981 of $26,474 and $910 respectively, and wages and interest income in 1982 of $33,400 and $50 respectively. Respondent further determined that petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654 for 1981 and 1982.Petitioner has stipulated to respondent's determinations of his gross income for both years but argues that he is entitled to claim deductions under section 162(a)(2) for business travel away from home and that he is not liable for additions to tax. OPINION Section 162(a)(2) Deductions
Taxpayers are allowed deductions from income only to the extent provided by Congress. . Petitioner must qualify under the specific rules and regulations imposed by Congress in order to be allowed deductions. . Respondent's notice of deficiency is presumed to be correct, and the burden of proving it incorrect rests on petitioner. ; Rule *56 142(a). To qualify to deduct expenses under section 162(a)(2) petitioner must show: (1) that the expenses were ordinary and necessary, (2) that he incurred the expenses "while away from home," and (3) that he incurred the expenses in pursuit of his business. ; . Expenses that otherwise qualify for deduction under section 162(a)(2) are deductible only if the substantiation requirements of section 274(d) are met also. , affd. per curiam , cert. denied . Section 274(d) provides that no deduction is allowed under section 162(a)(2) for traveling expenses unless the taxpayer substantiates: (1) the amount of such expense, (2) the time and place of the expense, and (3) the business purpose of the expense. Travel expenses that are not substantiated as required by section 274(d) are disallowed in full, and no approximation of such expenses under , is allowed. *57 ; . As petitioner has no records to establish how much he spent on travel, meals, and lodging in 1981 and 1982, it appears that section 274(d) would disallow the deduction of any of his expenses that would otherwise be deductible under section 162(a)(2). We find it unnecessary to apply section 274(d), however, as we conclude that petitioner has failed to establish that his expenses meet one of the prerequisites for deductibility under section 162(a)(2). A taxpayer's expenses for meals and lodging are ordinarily nondeductible personal expenses. Sec. 262. Section 162(a)(2) entitles taxpayers, in specific circumstances, to a deduction for their travel, meal, and lodging expenses when their work carries them away from home. Section 162(a)(2)'s purpose of allowing the deduction of living expenses incurred by taxpayers when they are away from home is "to mitigate the burden of the taxpayer who, because of exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." . *58 A worker who has no permanent home for which he incurs substantial continuing living expenses does not qualify to deduct expenses under section 162(a)(2) as he does not have the burden of duplicate expenses that section 162(a)(2) was intended to ease. , affg. ; ; . Whether petitioner had a permanent tax home so as to be entitled to deduct expenses under section 162(a)(2) is a factual question, and he bears the burden of proof. ;; Rule 142(a). On these facts, we hold that petitioner had no permanent tax home during 1981 and 1982 for Federal tax purposes. Petitioner incurred none of the continuing costs of maintaining a permanent place of abode that are required to establish a tax home. [2] None of petitioner's expenses represented duplicate costs. The facts instead establish that petitioner was an itinerant worker whose tax *59 home shifted from job site to job site. See ;; Although it is true that petitioner may have believed that Cobbtown was his home, retained some contacts there, and made an effort to return whenever possible, this was only natural for a young man leaving his parents' residence and beginning work in the construction industry. It was not, however, sufficient to establish that Cobbtown was his tax home in 1981 and 1982 and entitle him to section 162(a)(2) deductions. We accordingly hold that petitioner is not entitled to a section 162(a)(2) deduction for business travel away from home during tax years 1981 and 1982. *60 Section 6651(a)(1) Additions
Section 6651(a)(1) imposes an addition to tax for failure to file a return on the prescribed date unless it is shown that the failure was due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proving that his failure to file a timely return was due to reasonable cause and not willful neglect. ; . Petitioner filed his return for 1981 more than two and one-half years late and had not yet filed his return for 1982 as of the May 12, 1986 trial of this case.His explanation for failure to timely file his returns was that he had lost the necessary records. [3] The record does not evidence that petitioner made any attempt to obtain an extension of time to file his returns, or to obtain the necessary records. On these facts, we conclude that petitioner has not *61 demonstrated that his failure to file his 1981 and 1982 returns on the prescribed dates was due to reasonable cause. We hold petitioner is subject to additions to tax under section 6651(a)(1) for those years. Section 6653(a) Additions
Section 6653(a)(1) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that the additional to tax determined by respondent does not apply. . Under section 6653(a)(1), negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . We have already held that petitioner failed to establish reasonable casue for filing his 1981 return late, and for not filing his 1982 return. Filing a return late evidences intentional disregard of rules and regulations. , modified ; , *62 affd. per curiam . Considering the evidence before us, we conclude that petitioner has failed to prove that respondent erroneously determined that he was subject to the addition to tax under section 6653(a)(1) for tax years 1981 and 1982. Moreover, we hold that petitioner has been negligent in failing to timely file his 1981 and 1982 returns. We further conclude that the total underpayments for 1981 and 1982 are attributable to negligence for purposes of the section 6653(a)(2) additions. We therefore sustain respondent's determination that petitioner is liable for additions to tax pursuant to section 6653(a)(1) and (2) for 1981 and 1982. Section 6654 Additions
Section 6654 imposes on individuals an addition to tax for failure to pay estimated taxes. The addition to tax is mandatory absent one of several statutory exceptions, none of which have been shown to be applicable here. . We therefore hold that petitioner is liable for the additions to tax under section 6654 for 1981 and 1982. To reflect the foregoing, Decisions will be entered under Rule *63 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. * 50 percent of the interest due on an underpayment of $7,962. ** 50 percent of the interest on an underpayment of $8,843.↩
2. Petitioner's purchases of groceries and minor supplies for his parents' home while he lived there during 1982 are not continuing costs of maintaining a permanent place of abode that are adequate to establish his parents' home as his tax home. , affg. ; .↩
3. Unavailability of records is generally not reasonable cause for failing to file a timely return. ; .↩